UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IY BY HER PARENT BRITTANY
MCLEMORE

VERSUS

BOGALUSA CITY SCHOOL
DISTRICT, *et al.*

CIVIL ACTION

NO. 24-1407

SECTION M(5)

## ORDER & REASONS

Before the Court are two motions filed by plaintiff IY, by and through her parent Brittany McLemore ("Plaintiff"): a motion for relief from judgment[1] and a motion for correction of clerical error.[2] Defendants Bogalusa City District Schools, the Bogalusa City School Board, Eddie Walker, Byron Hurst, and Karla McGehee (collectively, the "Defendants") respond in opposition.[3] Plaintiff requests that the Court vacate its judgment dismissing the complaint for failure to state a claim upon which relief can be granted[4] because, according to Plaintiff, the clerk of court erred in denying Plaintiff's motion for entry of default[5] and, thus, the Defendants' motion to dismiss[6] "should have been barred from the record due to the expiration of time by answering the complaint 49 days after being served and should have barred the [P]laintiff's responsibility to answer [the Defendants' motion to dismiss] due to default."[7] However, Plaintiff was not entitled to an entry

---

[1] R. Doc. 34.
[2] R. Doc. 35.
[3] R. Doc. 36.
[4] R. Doc. 28. Plaintiff failed to file an opposition to the Defendants' Rule 12(b)(6) motion to dismiss (R. Doc. 24). The Court granted the unopposed motion, upon concluding that it appeared to have merit. R. Doc. 28 at 2.
[5] R. Doc. 22.
[6] R. Doc. 24.
[7] R. Doc. 34 at 2. In so arguing, Plaintiff ignores the two-step process for obtaining a default judgment under Federal Rule of Civil Procedure 55: first, the clerk of court's entry of default on the court record of a defendant's failure to respond; and second, the Court's entry of a default judgment upon plaintiff's showing that it is entitled to judgment. *See Mid-Gulf Shipping Co. v. Energy Subsea LLC*, 472 F. Supp. 3d 318, 322-23 (E.D. La. 2020).

of default, and her motion for same was properly denied, because the Defendants' motion to dismiss constituted a timely response. Even if the clerk could have properly granted Plaintiff's motion for entry of default when filed on September 13, 2024 (which she could not because the deadline for responsive pleadings, *viz.*, September 16, 2024, had not yet passed), such entry would have been set aside upon the Defendants' filing of their motion to dismiss the next business day after Plaintiff's motion for entry of default was filed.[8] Thus, because Plaintiff "sets forth no other basis for withdrawal or modification of the [C]ourt's judgment granting the motion to dismiss, aside from her mistaken and baseless contention that a default judgment should have been entered by the Clerk,"[9] she has not begun to establish any of the grounds for relief set out in Rule 60. Hence, the instant motions are without merit.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's motions for relief from judgment and correction of clerical error (R. Docs. 34 and 35) are DENIED.

New Orleans, Louisiana, this 12th day of December, 2024.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[8] "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "To decide if good cause exists, courts consider three non-exclusive factors: 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)). "The court may also consider other relevant factors, such as 'whether [the movant] acted expeditiously to correct the default.'" *UnitedHealthcare Ins. Co. v. Holley*, 724 F. App'x 285, 288 (5th Cir. 2018) (quoting *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014)) (alteration in original).

[9] R. Doc. 36 at 5.